UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY HOWARD,

          Plaintiff,          Case No. 2:13-cv-340

v.          Honorable Gordon J. Quist

UNITED STATES OF AMERICA,

          Defendant.
_____/

## OPINION

This is a mandamus action filed by a state prisoner, ostensibly brought pursuant to 28 U.S.C. § 1361. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for lack of subject-matter jurisdiction and/or as frivolous.

## Factual Allegations

Plaintiff presently is incarcerated at the Chippewa Correctional Facility. In his mandamus action, he sues the United States of America.

Plaintiff's complaint is difficult to follow. He appears to allege that several different state agencies, a state court, and the United States Department of Justice engaged in a conspiracy against him under 42 U.S.C. § 1985(3). Plaintiff states the following, verbatim:

1. Michigan Department of Corrections set motion unlawfully coursed uncivil conspiracy that harmfully, violently and unconstitutionally took direction directly and indirectly of U.S. Government Ordinance by force of conspiracy while and after a civil suit through § 1983 was filed by me in June of 2011 against the MDOC for extreme deprivation.

2. On 6/23/11 I Larry Howard #351897 was wrongfully transferred by the St. Louis Correctional Facility for addressing the U.S. District Court and joining the influential religious outfit of the Nation of Islam, exchanged over to the care of the Chippewa Correctional Facility where conspired maltreatment and extreme neglect followed and continued its course.

3. At the end of 2011 I caught a felony assault charge on staff at CCF (URF) as well as in June 2012 and October 2012 of which the Chippewa County Public Defenders Office/50th Judicial Circuit Court/Michigan State Police has denied me fair equal protections furthering the racial conspiracy through (white) participants at the Center for Forensic Psychiatry on 6/11/12 & (3/29/13 of which inhabited a very violent event at a layover detail at Ionia Maximum Correctional Facility) as there was denials thereafter to petition the Center for Forensic Psychiatry from the Michigan Department of Community Health through Recipient Rights MCL 330.1100.

4. The Michigan Attorney Grievance Commission denied me just and fair service on 11/28/12 - File No. 2377-12; the U.S. Dept. Of Justice (docket no. 13-OCR-77) denied appropriate correspondence and service; the Judicial Tenure Commission denied a very urgent precedent, File No. 2012-20204 2/5/2013, as it ex[sis]tents from an initial conspiracy to extremely deprive another one of their civil comforts to a conspiracy to continue to extremely deprive one of their constitutional rights to inflict bodily torture through racial discrimination.

(Compl., docket #1, Page ID##3, 4.) For relief, Plaintiff requests 6.4 million dollars.

## Discussion

### A. Mandamus

Under 28 U.S.C. § 1361, the district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency

thereof to perform a duty owed to the plaintiff." "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." *Gresham v. Corr. Med. Servs., Inc.,* 650 F.3d 628, 630 (6th Cir. 2011) (internal quotation marks and citation omitted). Mandamus relief "is usually reserved for 'questions of unusual importance necessary to the economical and efficient administration of justice,' or 'important issues of first impression.'" *In re Powerhouse Licensing*, LLC, 441 F.3d 467, 471 (6th Cir. 2006). "Thus, only exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion, will justify the invocation of this extraordinary remedy." *In re McNulty*, 597 F.3d 344, 349 (6th Cir. 2010) (internal quotation marks and citation omitted). "And, because mandamus is a discretionary remedy, a Court may decline to issue the writ if it finds that it would not be 'appropriate under the circumstances' even if the petitioner has shown that he is 'clear[ly] and indisputabl[y]' entitled to it." *Id.*

In his complaint, Plaintiff asserts that the Michigan Department of Corrections, the St. Louis Correctional Facility, the Chippewa Correctional Facility, the Chippewa County Public Defenders Office, the 50th Judicial Circuit Court, the Michigan State Police, the Michigan Attorney Grievance Commission and the Michigan Judicial Tenure Commission engaged in a conspiracy against him. This Court, however, lacks jurisdiction to confer mandamus relief as to state agencies and a state court. By its terms, § 1361 does not grant authority to federal courts to compel state agencies or a state court to perform a duty owed to the plaintiff. "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.*" Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Haggard v. Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("[F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."). The Court therefore lacks subject-matter jurisdiction over Plaintiff's request for

mandamus relief as to those state agencies and state court. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973) (even where subject matter jurisdiction is not raised by the parties, a court must consider the issue *sua sponte*); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir.1998); *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir.1993).

Plaintiff only mentions one federal agency in his complaint, the United States Department of Justice. As to the United States Department of Justice, Plaintiff claims that it denied him "appropriate correspondence and service in Case No. 13-OCR-77," and conspired to discriminate against him along with the Michigan Attorney Grievance Commission and the Michigan Judicial Tenure Commission. (Compl., docket #1, Page ID#4.) An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199.

First, mandamus relief is only available to compel an official or agency to act where there is a duty to act. 28 U.S.C. § 1361. There is no duty to act in regards to correspondence and service in another case. If Plaintiff wishes to contest a matter in Case No. 13-OCR-77, he may file an appeal in that case. As to his conspiracy claim by the Michigan Attorney Grievance Commission, the Michigan Judicial Tenure Commission and the United States Department of Justice under 42 U.S.C. § 1985(3),[1] this Court does not have jurisdiction to compel the state agencies to perform any

---

[1] To maintain a cause of action for conspiracy under 42 U.S.C. § 1985(3), a plaintiff must establish the following four elements: (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *See Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839

duty. 28 U.S.C. § 1361.  Moreover, Plaintiff's complaint contains vague and conclusory allegations regarding the conspiracy.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-69 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one).  Plaintiff's allegation that two state agencies and one federal agency engaged in a conspiracy under 42 U.S.C. § 1985(3) against him is wholly conclusory and factually baseless.  Because Petitioner's request for writ of mandamus as to the United States Department of Justice lacks an arguable basis in law, it will be dismissed with prejudice as frivolous.

    **B.**  **Motion for Service**

On February 3, 2014, Plaintiff filed a motion to serve his complaint (docket #9).  Because the Court is dismissing Plaintiff's action, Plaintiff's motion will be denied as moot.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for lack of subject-matter jurisdiction and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

---

(6th Cir. 1994)).  The plaintiff further must demonstrate that the conspiracy was motivated by a class based animus, such as race.  *Johnson*, 40 F.3d at 839; *see also Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996); *Seguin v. City of Sterling Heights*, 968 F.2d 584, 590 (6th Cir. 1992); *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992).

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment and Order consistent with this Opinion will be entered.


Dated: February 28, 2014                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE